IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**FRANK DAVID BYRUM,**

        **Petitioner,**

   v.

**STATE OF OREGON,**

        **Respondent.**

Civil No. 09-1145-BR

OPINION AND ORDER

   **NOEL GREFENSON**
   1415 Liberty Street SE
   Salem, OR  97302

       Attorney for Petitioner

   **JOHN R. KROGER**
   Attorney General
   **JONATHAN W. DIEHL**
   Assistant Attorney General
   Department of Justice
   1162 Court Street NE
   Salem, OR  97301

       Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is **DISMISSED**.

## BACKGROUND

On June 1, 2001, Petitioner was convicted on one charge of Attempted Sodomy in the Third Degree.  The trial judge sentenced Petitioner to 36 months of probation and mandatory sex offender counseling.  Petitioner was also required to register as a sex offender.

Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  *State v. Byrum*, 184 Or. App. 226, 56 P.3d 968 (2002), *rev. denied*, 335 Or. 355, 67 P.3d 937 (2003).  Petitioner sought state post-conviction relief ("PCR"), but the PCR trial judge denied relief and the Oregon Court of Appeals affirmed without opinion.  *Byrum v. State of Oregon*, 228 Or. App. 367, 208 P.3d 1057 (2009).  Petitioner did not seek review by the Oregon Supreme Court.

On September 28, 2009, Petitioner filed his Petition for Writ of Habeas Corpus in this Court.  In it, Petitioner alleges two claims of trial error.  Respondent argues the Petition must be dismissed because Petitioner's sentence has expired and he is not "in custody" for the purposes of 28 U.S.C. § 2254.

2 - OPINION AND ORDER -

## DISCUSSION

Petitioner admits he is not in custody or on supervision pursuant to the conviction he seeks to challenge.  Petitioner argues, however, that he should be deemed "in custody" because he remains required to register as a sex offender.

In *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989), the Supreme Court held that a habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed" in order to invoke the district court's habeas corpus jurisdiction.  "'[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.'"  *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir.), *cert. denied*, 546 U.S. 1043 (2005) (quoting *Maleng*, 490 U.S. at 492).

In *McNab v. Kok*, 170 F.3d 1246 (9th Cir. 1999), the Ninth Circuit applied the holding in *Maleng* to a petition filed by a sex offender subject to the registration requirements of Oregon's sex offender registration statutes.  The Ninth Circuit concluded that because "sex offenders subject to registration in Oregon are free to move to a new place of residence so long as they notify law enforcement officials of their new address," Oregon law does not place an offender "in custody" within the meaning of § 2254(a).

*McNab*, 170 F.3d at 1247 (citing *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998) (construing Washington law); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (construing California law)).

Petitioner recognizes these authorities, but argues they were incorrectly decided.  This Court, nevertheless, remains bound by these precedents.

Petitioner further argues that, in light of evolving standards of decency, the stigma and ridicule which necessarily follow sex offender registration requirements go beyond the collateral consequences previously found insufficient to meet the "in custody" requirement.  This Court disagrees.  *See Reddick v. Oregon*, 2008 WL 4793687 at *3 (D. Or. 2008) (stigma of felony conviction nothing more than a collateral consequence); *see also Nicoloudakis v. Abraham*, 2007 WL 106519 at *4 (E.D. Pa. 2007) ("stigma" of sex offender registration requirement insuffucient to render petitioner "in custody" for purposes of § 2254), *aff'd by* 296 Fed. Appx. 280 (3rd Cir. 2008), *pet'n for cert. filed*, Case No. 09-5205 (Jul. 06, 2009).  Accordingly, because Petitioner was

not "in custody" at the time he filed this action, the Petition for Writ of Habeas Corpus must be dismissed.

## CONCLUSION

For these reasons, the Court **DISMISSES** the Petition for Writ of Habeas Corpus (#1).

IT IS FURTHER ORDERED that, should Petitioner appeal, the Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 7th day of May, 2010.

                          /s/ Anna J. Brown
                          ANNA J. BROWN
                          United States District Judge